UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUBEN SALUSTIO and ARTURO VIVALDO, *individually and on behalf of others similarly situated*, <br><br> Plaintiffs, <br><br> -against- <br><br> 106 COLUMBIA DELI CORP. (d/b/a COLUMBIA DELI), 934 GROCERY CORP. (d/b/a MARIO'S GOURMET DELI), 106 KINGS GOURMET DELI INC. (d/b/a COLUMBUS GOURMET DELI), COLUMBUS GOURMET FOOD CORP.I (d/b/a COLUMBUS GOURMET DELI), MUHAMMAD ALHAGAGI, IBRAHIM ALZUBAIRY, ARDIA RODRIGUEZ, AND CAMAL AL FAQIK <br><br> *Defendants.* | Docket No. 15 CV 6857 (WHP)(GWG) |

## DEFENDANTS' POST-TRIAL REPLY

BY: THE ANTONIOUS LAW FIRM
Jacqueline S. Kafedjian, Esq.
*Attorney-for-Defendants*
62-26 Myrtle Avenue,
Suite 105
Glendale, NY 11385
Tel: (718) 456-5500
Fax: (718) 335-8369
jackie@antoniouslawfirm.com

1

I.  **The Plaintiffs are mistaken on the law with respect to the jurisdictional question of enterprise coverage.**

The Plaintiffs state in their brief that "Courts in this Circuit have regularly found that the issue of whether the defendant in a…FLSA action is an 'enterprise engaged in commerce' is actually not a jurisdictional issues, but rather an element that Plaintiffs must prove to establish their claim.." This finding has indeed been held by some courts, but generally with respect to a decision on a Rule 12(b)(1) motion to dismiss, where the Court is limited by the parameters of adjudicating based merely on the four corners of the complaint, taking all of the Plaintiffs allegations as true, and without reference to any evidence outside the pleadings. Therefore, the majority of the caselaw which the Plaintiffs cite is wholly inapplicable to the instant case. See Plaintiffs' cases: Jai Fu Chen v. New 9th Ave Pearl on the Sushi Inc., No. 14-CV-580 (JPO), 2015 U.S. Dist. LEXIS 84128, at *7-8 n.3 (S.D.N.Y. June 29, 2015) (collecting cases); Chen v. Gypsophila Nail & Spa Inc., No. 15-CV-2520 (JPO), 2015 U.S. Dist. LEXIS 70970, at *3-4 (S.D.N.Y. June 2, 2015); Angel v. Harvest C-Food, Inc., No. 14-Cv-6035 (SHS), 2015 U.S. Dist. LEXIS 154294, at *6-7 (S.D.N.Y. Nov. 16, 2015). The Plaintiffs also cite to S. New Eng. Tel. Co. v. Glob. NAPs Inc., 624 F.3d 123 (2d Cir. 2010), although the case is entirely unrelated to the FLSA and the NYLL, so it is unclear how this case is relevant.

The legal standard to be applied in this case is unambiguous. The exercise of supplemental jurisdiction over the NYLL claims once the FLSA claims have been dismissed is subject to this Court's discretion pursuant to 29 U.S.C. §1367(a)(c), and where a balancing test is employed. Kolari v. N.Y.-Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006)(quoting Carnegie Mellon-Univ. v. Cohill, 484 U.S. 343, 350, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988))(balancing "values of judicial economy, convenience, fairness, and comity . . . in

deciding whether to exercise jurisdiction."); Chenensky v. N.Y. Life Ins. Co., 942 F. Supp. 2d 388, 392 (S.D.N.Y. 2013)(finding the issue of "fairness involves questions of equity: Will declining jurisdiction prejudice the parties, and are the parties responsible for any such prejudice?")  It is well-established that where all federal claims of original jurisdiction have been dismissed, the factors generally weigh in favor of a court dismissing the pendant state law claims, where they can be refiled in state court.  See Chenensky v. N.Y. Life Ins. Co., supra; Krupinski v. Laborers E. Region Org. Fund, No. 15-cv-982 (RJS), 2016 U.S. Dist. LEXIS 136858, at *34-36 (S.D.N.Y. Sep. 30, 2016); Jian Long Li v. Li Qin Zhao, supra, at 310; Yang Li v. Ya Yi Cheng, supra, at 6; Bhd. of Locomotive Eng'rs Div. 269 v. Long Island R.R., 85 F.3d 35, 39 (2d Cir. 1996); Volpe v. Am. Language Commu'n Ctr., Inc., No. 15-cv-06854 (GBD), 2016 U.S. Dist. LEXIS 103850, 2016 WL 4131294, at *6 (S.D.N.Y. July 29, 2016); Amparo v. Ink Point Tattoo, No. 13-cv-07232 (LGS), 2015 U.S. Dist. LEXIS 5510, 2015 WL 224360, at *4 (S.D.N.Y. Jan. 15, 2015).

     The Plaintiffs cite to one relevant case, Ho v. Target Constr. of NY, Corp., a case from the Eastern District of New York where the Court continued to exercise supplemental jurisdiction over the state law claims after dismissing the federal claims after trial.  That case is distinguishable, however, because it is apparent that there was no argument on the part of the Defendants asking the court to dismiss the NYLL claims, so the court did not consider it in the decision, and thus, exercised its right to adjudicate the state claims.  No. 08-CV-4750(KAM)(RER), 2011 U.S. Dist. LEXIS 33365, at *34 (E.D.N.Y. Mar. 28, 2011).

     The Plaintiffs, however, could not cite to any analogous cases, where the exercise of the court's discretion was disputed at trial, and the Court found in favor of adjudicating the remaining state law claims in a matter.  Indeed, it seems that the post-trial determination of the

3

dismissal of the NYLL claims before this Court is an issue of first impression in this district and circuit.  The parameters regarding the discretion of the Court pursuant to 29 U.S.C. §1367(a)(c) to weigh the balancing factors outlined above in making its determination is unequivocally the proper legal standard in the instant case.

### II. The "fairness" factor weighs strongly in favor of this Court dismissing the Plaintiffs' remaining state law claims.

This case would have unquestionably been a state court matter but for the Plaintiff's fabrication of a material issue of fact with respect to the Defendants' gross sales.  Plaintiff Ruben incredulously testified that he could "observe" 106 Columbia's daily sales even though his duties were behind the deli counter, and not at the cashier, changing his testimony multiple times as to how, and when, such observations were made.  (Tr. 19, Ln., 24-25; Tr. 20, Ln. 1-19; Tr. 21, Ln. 1-2, 19-20; Tr. 22, Ln. 1-2; Tr. 23, Ln. 2-5; Ln. 15-16; Tr. 23, Ln. 6-11; Tr. 23, Ln. 20-24.)  Whether the cash register was five feet away, or fifteen feet away, the claim is equally as dubious….that someone in his position was able to *accurately and regularly "observe"* the sales being made by the Defendants on a daily basis while he was performing his duties in a busy deli.  Furthermore, the figure which the Plaintiff "observed" yields annual gross sales of $1,460,000, which is almost five times what the Defendants tax returns verified was the annual sales.  (Tr. 9, Ln. 3-11.)  There is not a single iota of credible evidence the Plaintiffs could proffer to support or corroborate its allegation that the Defendants' grossed almost 1.5 million dollars for the years in question.  It is apparent that the Plaintiffs sought to shoehorn a state case in a federal court to attain the potential benefits of federal damages under the FLSA.  Plaintiffs should not inure the benefit of their wrongdoing, where in the interest of fairness and equity,

this Court should dismiss the remaining NYLL claims, so that they may be rightly filed in state court.

Furthermore, the Plaintiffs will not be subject to any undue prejudice.  Firstly, they are able to refile in state court within six months notwithstanding any statute of limitations.  Secondly, any issues the Plaintiffs fear regarding judgment collections against the inactive Defendant corporation, 106 Columbia, will exist whether Plaintiffs obtained a federal or state judgment against the entity, and refiling in state court will neither worsen nor improve the Plaintiffs efforts.  And lastly, the Plaintiffs assumed any risk of retrying this case in state court when they filed this case, knowing that it was based on supplemental jurisdiction, but also when the case was tried, knowing that jurisdiction hinged on a fabricated issue of material fact.

WHEREFORE, Defendants respectfully request that this Court dismiss all FLSA claims and to decline to exercise supplemental jurisdiction over the NYLL claims, or in the alternative, to grant judgment in favor of Defendants.

Date: July 21, 2017

BY: THE ANTONIOUS LAW FIRM

s:/Jacqueline S. Kafedjian
Jacqueline S. Kafedjian, Esq.
*Attorney-for-Defendants*
62-26 Myrtle Avenue,
Suite 105
Glendale, NY 11385
Tel: (718) 456-5500
Fax: (718) 335-8369
jackie@antoniouslawfirm.com

TO:    *via ECF*
       Jesse S. Barton, Esq.
       Michael Faillace & Associates, P.C.
       *Attorney-for-Plaintiffs*
       jbarton@faillacelaw.com