UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUBEN SALUSTIO and ARTURO VIVALDO, *individually and on behalf of others similarly situated*, <br><br> *Plaintiffs*, <br><br> -against- <br><br> 106 COLUMBIA DELI CORP. (d/b/a COLUMBIA DELI), 934 GROCERY CORP. (d/b/a MARIO'S GOURMET DELI), 106 KINGS GOURMET DELI INC. (d/b/a COLUMBUS GOURMET DELI), MUHAMMAD ALHAGAGI, IBRAHIM ALZUBAIRY, ARDIA RODRIGUEZ, AND CAMAL AL FAQIK <br><br> *Defendants.* | Docket No. <u>15 CV 6857 (WHP)(GWG)</u> |

**<u>DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS'
MOTION FOR ATTORNEYS' FEES AND COSTS</u>**

BY: THE ANTONIOUS LAW FIRM
Jacqueline S. Kafedjian, Esq.
*Attorney-for-Defendants*
62-26 Myrtle Avenue,
Suite 105
Glendale, NY 11385
Tel: (718) 456-5500
Fax: (718) 335-8369
jackie@antoniouslawfirm.com

1

Defendants 106 COLUMBIA DELI CORP. (d/b/a COLUMBIA DELI) (hereinafter "106 Columbia") and IBRAHIM ALZUBAIRY (hereinafter "Ibrahim"), hereby oppose Plaintiffs RUBEN SALUSTIO (hereinafter "Ruben") and ARTURO VIVALDO PASTOR (hereinafter "Arturo") Motion for Attorneys' Fees and costs and in support, state the following:

## ARGUMENT

The Supreme Court has held that:

> Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee. Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised. But where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained.

Hensley v. Eckerhart, 461 U.S. 424 *439, 103 S. Ct. 1933 (1983). See also Stanczyk v. City of New York, 752 F.3d 273, 284-85 (2d Cir. 2014) (citing *Hensley*, 461 U.S. at 434-35); Green v. Torres, 361 F.3d 96, 99 (2d Cir. 2004).

To determine the prevailing party's degree of success, a court must consider "'the quantity and quality of relief obtained,' as compared to what the plaintiff sought to achieve as evidenced in her complaint . . . ." Barfield v. N.Y. City Health & Hosps. Corp., 537 F.3d 132, 152 (2d Cir. 2008) (quoting Carroll v. Blinken, 105 F.3d 79, 81 (2d Cir. 1997)).  See also Patterson v. Balsamico, 440 F.3d 104, 123 (2d Cir. 2006)(finding that "in awarding attorneys' fees, 'the most critical factor is the degree of success obtained.'")(quoting Hensley, supra, 461 U.S. at 436) (other citation omitted).  Such a balancing test "promotes the court's 'central' responsibility to 'make the assessment of what is a reasonable fee under the circumstances of

2

the case.'" Farrar v. Hobby, 506 U.S. 103 *114-115, 113 S. Ct. 566 (1992) (internal quotations omitted).

**I.  The Plaintiffs did not prevail on any issue which the Defendants did not concede pre-trial, wherefore they did not prevail on any matter requiring judicial intervention.  Moreover, Plaintiffs needlessly extended the litigation to bill unwarranted hours and costs by falsifying issues of material fact regarding the Defendants annual gross sales.**

This case would have unquestionably not proceeded to trial or required such extensive hours but for the Plaintiff's fabrication of a material issue of fact with respect to the Defendants' gross sales.  Unnecessary hours were expended in pre-trial filings and preparing for trial wholly on account of the Plaintiffs' wrongful actions.  In its Order and Opinion, this Court found that Ruben's testimony regarding his observations of the Defendants' daily sales regularly totaling $4,000 was not credible.  (Dkt #108, p. 11.)  Furthermore, this Court found that Ruben and Arturo's testimony overall, regarding material facts in dispute, were not credible.  (Dkt. 108, p. 11-13.)  This Court credited Defendants' records as accurate and complete with respect to the most significant material issues in dispute.  (Dkt. #108, p. 14-15.)  Defendants conceded that Vivaldo was not paid proper overtime and that the statutory statements and notices were not provided in Defendants' pre-trial filings and during the trial.  This Court computed damages based on the issues Defendants conceded were wrongful and based on the Defendants' records. (Dkt #95, para. 51, 52.) The Plaintiffs did not prevail on any material issues which they contested.

Plaintiffs Pre-Trial Proposed Conclusions of Fact and Law sought total damages for Plaintiffs in the amount of $347,256.05. (Dkt #92-1.)  The total damages awarded by this Court were $2,500 for Ruben and $16,428.66 for Arturo, plus prejudgment interest.  (Dkt #108.)

3

Moreover, Ruben's primary unpaid wage claims were all together dismissed by this Court. (Dkt #108, p. 19)

This case began with ten defendants. Five of the Defendants were represented by the undersigned and the remainder failed to appear. For these represented defendants, Duke Ellington Gourmet Corp. and Columbus Gourmet Food Corp. I were dismissed pursuant to Stipulation of Dismissal with Prejudice. (Dkt #63.) Defendant Abdo Alhagagi was dismissed pursuant to a settlement agreement. (Dkt #89.)

The Plaintiffs' complaint makes clear that the primary theory of the case was to demonstrate that the ten defendants were joint employers and were subject to joint liability. (Dkt #69.) They did not succeed with respect such claims against 106 Columbia and Ibrahim. Furthermore, the Plaintiffs sought to certify this action as a collective action under 29 U.S.C. §216(b). They did not succeed in that respect either with respect to their claims against 106 Columbia and Ibrahim. See e.g. Barfield v. N. Y. City Health & Hosps. Corp., (Second Circuit affirmed that attorney's fees should be reduced for an attorney who sought a collective action, but ultimately did not succeed in certifying that action.) 537 F.3d 132 *52-54, 2008 U.S. App. LEXIS 16731.

Wherefore, Plaintiffs were not the prevailing party with respect to any issues that required judicial intervention by this Court, and their motion should be denied.

## II.     In the alternative, Plaintiffs fee request is unreasonable in light of their limited success, wherefore it should be reduced by a flat percentage of 75%.

The courts have regularly applied a flat percentage reduction in request for an attorney's fees award based on various circumstances. N.Y. State Ass'n for Retarded Children, Inc. v.

Carey, 711 F.2d 1136, 1146 (2d Cir. 1983).  "There is no precise rule or formula for making these determinations.  "The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." Hensley, supra, at 436-37

 For example, the Second Circuit has found that a reduction in attorneys' fees is warranted where a plaintiff sought substantial monetary damages, but ultimately, was only awarded a nominal sum. See, e.g., Carroll, supra, 105 F.3d at 81-82 (affirming district court's reduction of attorneys' fees because "[t]here was no damage award"); Pino v. Locascio, 101 F.3d 235, 238-39 (2d Cir. 1996) (holding that district court erred in awarding attorneys' fees where plaintiff only recovered nominal damages).

Furthermore, where the Plaintiff's success is limited in nature, fees have also been reduced.  In Murray v. Coleman, the Court applied a 50% reduction to the requested attorney's fees based on the "stark difference" between what damages sought, and ultimate award of $6,500 against two of the defendants, and found no liability on the part of the seven other defendants.  232 F. Supp. 3d 311 *14, 2017 U.S. Dist. LEXIS 18016, 2017 WL 510239.  Furthermore, defendants made a settlement offer of $175,000, which plaintiff rejected.  Based on these facts, the District Court found that a 50% reduction to the request for attorney's fees was warranted.  See also Barfield, supra, at 53 (Second Circuit found that the "anticipated relief for thousands that plaintiff's recovery of $ 1,744.50 in compensatory and liquidated damages for herself appears to reflect only a small degree of success."

In Sanchez v. I&A Rest. Corp., 2017 U.S. Dist. LEXIS 81240, this District Court found that the "prevailing party" did not achieve a high degree of success, wherefore attorney's fees were reduced by 15%.  In that case, all of Plaintiff's federal claims were dismissed, and

5

although there was a recovery for unpaid overtime under state law, it was for less than one-seventh of the time-period claimed and for much less hours than alleged. (Id. at 17-18.) "This resulted in a far more modest recovery than Plaintiff sought. (*Compare* Plaintiff's Proposed Findings of Fact and Conclusions of Law…seeking a combined total of $264,918.07 in damages, liquidated damages, statutory damages, and prejudgment interest…*with* 8/15/16 Findings…awarding a total of $11,359.38 in damages, liquidated damages, and statutory damages, with prejudgment interest to be calculated by the Clerk of Court).)" See also Song v. 47 Old Country, Inc., No. 09cv5566 (LDW) (SIL), 2015 U.S. Dist. LEXIS 177623, 2015 WL 10641286, at *1, *6 (E.D.N.Y. Oct. 1, 2015) (reducing request by 10% to account for plaintiffs' lack of success in action) (report and recommendation), *adopted by* 2016 U.S. Dist. LEXIS 52277, 2016 WL 1425811 (Mar. 31, 2016).

As explained in Sec. I above, the Plaintiffs' success was extremely limited. In addition, the Plaintiffs time records include time expended prosecuting claims against all Defendants, and does not delineate time spent specifically in prosecuting against 106 Columbia and Ibrahim. Furthermore, the time records specifically include time spent on prosecuting claims for other defendants. For example:

1. 9/2/15 advising client on flower shop premises confiscated by defendant Muhammed Alhagagi "owner"[1]
2. 10/7/15 reviewed "owner" trying to settle with clients directly, again referring to Muhammed Alhagagi
3. 2-19-16, 2-29-16, 3-1-16 strategizing that all 3 delis were owned by the same owner
4. 3-4-16 discussing defendant Abdo Alhagagi's deposition

---

[1] Issue of assault/eviction discussed by Ruben at trial. (Tr. 11, Ln. 24-25; Tr. 19, Ln. 10; Tr. 37, Ln. 7-8, 17-19; Tr. 38, Ln. 2-5; Tr. 39, Ln. 12-13.)

5. 5-11-16 prepare for and depose Abdo Alhagagi (Dkt #112-1.)

Wherefore, it is clear that Plaintiffs' did not meet their burden by failing to provide time records that delineate the time expended on prosecuting claims against 106 Columbia and Ibrahim.  Furthermore, the Plaintiffs do not delineate between time spent prosecuting the claims of each Plaintiff, where it is apparent that any time spent litigating Ruben's claim were completely unsuccessful, and should not be included in the attorneys' fee request.

And finally, Defendants made an offer of settlement on January 10, 2017 in the amount of $8,000, but the Plaintiffs' demanded at least six-figures.  (Ex. A. Email Correspondence.) Their demand far exceeded what they were ultimately awarded and was based on incredible testimony and fabrications that they obstinately maintained throughout the litigation, making it impossible for the Defendants to settle or avoid unnecessary attorney's fees.

Wherefore, Defendants respectfully request this Court grant deny Plaintiffs' Motion, or in the alternative, to reduce the award based on the facts described herein, or for any further relief this Court deems just and proper.

Date: September 25, 2017

BY: THE ANTONIOUS LAW FIRM

s:/Jacqueline S. Kafedjian
Jacqueline S. Kafedjian, Esq.
*Attorney-for-Defendants*
62-26 Myrtle Avenue,
Suite 105
Glendale, NY 11385
Tel: (718) 456-5500

Fax: (718) 335-8369
jackie@antoniouslawfirm.com

TO: *via ECF*
Jesse S. Barton, Esq.
Michael Faillace & Associates, P.C.
*Attorney-for-Plaintiffs*
jbarton@faillacelaw.com