```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
RUBEN SALUSTIO et al.,                        :
                                              :     MEMORANDUM AND ORDER
                    Plaintiffs,
                                              :     15 Civ. 6857 (GWG)
    -v.-
                                              :
106 COLUMBIA DELI CORP. et al.,
                                              :
                    Defendants.               :
---------------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

Before the Court is plaintiffs' motion for attorneys' fees.[1]

I. TRIAL AND JUDGMENT

Plaintiffs Ruben Salustio and Arturo Vivaldo brought this action to recover unpaid wages, overtime wages, and other damages under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and the New York Labor Law, N.Y. Labor Law § 1 et seq. ("NYLL"). The defendants are 106 Columbia Deli Corporation and Ibrahim Alzubairy. The Court held a bench trial on June 12, 2017. See Transcript, filed Aug. 23, 2017 (Docket # 106). On August 30, 2017, it issued an Opinion and Order containing findings of fact and conclusions of law required by Federal Rule of Civil Procedure 52(a)(1). See Salustio v. 106 Columbia Deli Corp., 2017 WL 3736695 (S.D.N.Y. Aug. 30, 2017).

---

[1] See Notice of Plaintiffs' Motion for Attorneys' Fees and Costs, filed Sept. 13, 2017 (Docket # 110); Memorandum of Law in Support of Plaintiffs' Motion for Attorneys' Fees and Costs, filed Sept. 13, 2017 (Docket # 111) ("Pl. Mem."); Declaration of Jesse Barton in Support of Plaintiffs' Motion for Attorneys' Fees and Costs, filed Sept. 13, 2017 (Docket # 112) ("Barton Decl."); Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Attorneys' Fees and Costs, filed Sept. 25, 2017 (Docket # 113) ("Def. Mem."); Declaration of Jacqueline S. Kafedjian in Opposition to Plaintiffs' Motion for Attorneys' Fees and Costs, filed Sept. 25, 2017 (Docket # 114).

In that decision, the Court found incredible Salustio's assertion that he watched the cashier count the day's receipts each day and that it regularly totaled $4000.  Id. at *6.  It therefore dismissed plaintiffs' claims under the FLSA because Columbia Deli's annual gross receipts were less than $500,000 during the relevant time period.  See id. at *8.  The Court retained supplemental jurisdiction over the NYLL claims.  Id. at *10.

As to the wage and hour claims, the Court found both Salustio and Vivaldo's testimony to be incredible and credited defendants' records as accurate and complete as to the start and end dates of plaintiffs' employment, their hourly wages, and their hours worked in any given week. Id. at *7.  As a result, the Court found that Salustio was compensated for every hour that he worked at Columbia Deli and that defendants were not liable to Salustio for minimum wage or overtime pay.  Id. at *10.  Because Vivaldo, however, had not been given notice of any tip credit, we found that defendants were liable for having paid at the tip-credit rate rather than the minimum wage rate.  Id. at *11.  Defendants' liability for unpaid wages amounted to a total of $5714.33.  Id.  Vivaldo was also awarded liquidated damages in the amount of $5714.33.  Id. at *13.

The Court also found that defendants had failed to provide certain wage statements and wage notices to the plaintiffs.  Id. at *12.  Vivaldo was awarded statutory damages of $5000 and Salustio was awarded $2500.  Id.  The Court denied plaintiffs' request for "spread of hours" pay under N.Y. Comp. Codes R. & Regs. tit. 12, §§ 142-2.4, 142-2.18.  Id.  Thus Salustio obtained a judgment for $2500.  Id. at *14.  Vivaldo obtained a judgment for $16,428.66, plus prejudgment interest.  Id.

II. REQUEST FOR ATTORNEYS' FEES

Plaintiffs now seek attorneys' fees in the amount of $26,377.50 and costs of $3719.59.[2] See Pl. Mem. at 7; Billing Sheet, filed Sept. 13, 2017 (attached as Ex. A to Barton Decl.). Three attorneys seek fees: Michael Faillace, Shawn Clark, and Jesse Barton. We incorporate by reference our decision in Greathouse v. JHS Sec. Inc., 2017 WL 606507, at *2-5 (S.D.N.Y. Feb. 15, 2017), as to the legal standards that govern applications for attorneys' fees in federal court.

As for the hourly rate to be awarded the attorneys in this case, we agree with the reasoning of Mendoza v. CGY & J Corp., 2017 WL 4685100, at *2 (S.D.N.Y. Oct. 17, 2017), and thus award an hourly rate of $400 for Mr. Faillace. As to Mr. Clark's rate, we are persuaded by the reasoning of Ortega v. JR Primos 2 Rest. Corp., 2017 WL 2634172, at *7 (S.D.N.Y. June 16, 2017), and thus award $250.00 per hour to Mr. Clark. Consistent with that decision, we award $225.00 per hour to Mr. Barton, who has less experience than Mr. Clark. See Martinez v. Alimentos Saludables Corp., 2017 WL 5033650, at *27 (E.D.N.Y. Sept. 22, 2017).

As to the number of hours sought, "in awarding attorneys' fees, 'the most critical factor is the degree of success obtained.'" Patterson v. Balsamico, 440 F.3d 104, 123 (2d Cir. 2006) (quoting Hensley v. Eckerhart, 461 U.S. 424, 436 (1983) ("That the plaintiff is a 'prevailing party' . . . may say little about whether the expenditure of counsel's time was reasonable in relation to the success achieved.")). To account for limited success, courts may make a percentage reduction in the fees sought. See, e.g., Barfield v. N.Y.C. Health and Hosps. Corp., 537 F.3d 132, 152 (2d Cir. 2008).

---

[2] The Court notes that the Notice of Motion mistakenly states that the attorneys' fees and costs sought amount to "$13,997.50."

Here, Salustio sought an award of $57,912.37 for unpaid wages and related damages, see Damages Chart, filed Mar. 23, 2017 (attached as Ex. A to Plaintiffs' Proposed Findings of Fact and Conclusions of Law, filed Mar. 23, 2017 (Docket # 92)), and ended up obtaining nothing for these claims.  Vivaldo sought $279,343.68 for unpaid wages and related damages and ended up with a judgment for only $11,428.66 on these claims.  Id.  There was greater (though not total) success on the claims relating to pay stubs and wage notices, amounting to $7500.  Given that the main focus of this case was the wage claim, this is a dramatic lack of success.  We note further, as defendants point out, see Def. Mem. at 6, that plaintiffs' time records show activities relating to the pursuit of other defendants in this matter.  Such hours cannot be compensable against 106 Columbia Deli Corporation and Ibrahim Alzubairy.

On the other hand, we do not accept defendants' contention that plaintiffs did not prevail with respect to "any issues that required judicial intervention."  Def. Mem. at 4.  Most obviously, defendants argued that they should not be responsible for liquidated damages as to even the unpaid wages they admitted they owed to Vivaldo, see Defendants' Post-Trial Brief, filed July 12, 2017 (Docket # 102), at 29-31 — an argument the Court rejected, see Salustio, 2017 WL 3736695 at *14.

After weighing these considerations, and also considering that plaintiffs' counsel spent only 71.3 hours on the case, thus reflecting that counsel operated with great efficiency, we conclude that plaintiffs' hours should be reduced by 50%.  See generally Murray v. Coleman, 232 F. Supp. 3d 311, 318 (W.D.N.Y. 2017) (50% reduction where plaintiff sought $1.6 million and was awarded $6500).  Plaintiffs originally sought the following hours: Barton: 50.1; Faillace: 13.2; Clark: 8.  See Billing Sheet.  Accordingly, plaintiffs will be awarded attorneys' fees as follows:

4

| Name | Hours Awarded | Hourly Rate | Total |
|---|---|---|---|
| Michael Faillace | 6.6 | $400.00 | $2640 |
| Shawn Clark | 4 | $250.00 | $1000 |
| Jesse Barton | 25.1 | $225.00 | $5647.50 |
| Grand Total: | | | $9287.50 |

Plaintiffs provide proof that they expended $3,719.59 in costs. The same doctrine that requires a reduction in fees due to the lack of success applies equally to costs. See, e.g., Semi-Tech Litig., LLC v. Bankers Tr. Co., 2006 WL 3690659, at *1 (S.D.N.Y. Dec. 14, 2006). Accordingly, these costs will be reduced by 50% as well, resulting in an award of $1859.80 in costs.

III. CONCLUSION

Plaintiffs' motion for attorneys' fees and costs (Docket # 110) is granted in part and denied in part. Plaintiffs are awarded attorneys' fees and costs in the amount of $11,147.30 against defendants 106 Columbia Deli Corporation and Ibrahim Alzubairy.

SO ORDERED.

Dated: November 27, 2017
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge